United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. CR 06-00555 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 59] |
| HOUSHANG POURMOHAMAD, | |
| Defendant. | |

Defendant Houshang Pourmohamad moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress all evidence seized and all statements made pursuant to and in the course of service of a search warrant issued on June 25, 2006 by Magistrate Judge Bernard Zimmerman, and served at Defendant's residence at 1101 Silver Belt Drive in Richmond, California [Docket No. 59]. Defendant also moves pursuant to Federal Rule of Criminal Procedure 41(e)[1] for immediate return of property seized on June 26, 2006. For the following reasons, the Court DENIES the Motion to Suppress Evidence and the Motion for Return of Property.

## **LEGAL STANDARD**

The Fourth Amendment of the United States requires probable cause for a search warrant to be valid. *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985), *amended by* 769 F.2d 1410

---

[1] Rule 41 was amended on December 1, 2002, and motions for return of property are now located at Rule 41(g). *U.S. v. Marshall*, 338 F.3d 990, 992 (9th Cir. 2003).

(9th Cir. 1985).  "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for ... conclud[ing] that probable cause existed."  *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Stanert*, 762 F.2d at 779.  The court may not reverse such a conclusion unless the magistrate's decision is clearly erroneous.  *Stanert*, 762 F.3d at 779.

A *Franks* evidentiary hearing is required if a defendant makes a "substantial showing" that a warrant affiant "intentionally or recklessly" omitted facts necessary to "prevent technically true statements in the affidavit from being misleading." *Stanert*, 762 F.2d at 780-81.  The defendant must also show that the "affidavit...supplemented by the omissions would not be sufficient to support a finding of probable cause." *Id*.  Clear proof of deliberate or reckless omission is not required at this stage but rather is reserved for the evidentiary hearing.  *Id*. at 781. If the court concludes that the magistrate or judge in issuing the warrant was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, then suppression is an appropriate remedy.  *U.S. v. Leon*, 468 U.S. 897, 898-99 (1984).

## ANALYSIS

**A.    Defendant's Request for Evidentiary Hearing**

### 1.    Substantial Showing of Intentional or Reckless Omissions

The omitted information at issue here originally appeared in the  "Background" portion of the affidavit for the search warrant for the residence of David Duckart.  The information included the fact that Duckart had twice been convicted of gambling-related offenses in state court, that he had been arrested in 1998 by Oakland police, that his written statement denying he was a bookmaker was contradicted by gambling documents recovered from his residence, and that after being charged in federal court and pleading guilty to five offenses, he had cooperated with law enforcement authorities, resulting in the conviction of multiple persons on gambling-related offenses.

The affidavit for the Duckart search warrant was then referenced in the affidavit for the Duckart criminal complaint as follows:

2

> On June 21, 2006, United States Magistrate Judge Nandor J. Vadas authorized a search warrant, filed under seal in case number 4-06-70386-WDB, authorizing and commanding the search of Duckart's residence at 2622 Derby Drive in San Ramon, California; the person of David Duckart; and all vehicles under his control. *My affidavit for this search warrant, and the search warrant, are incorporated herein by reference as if fully set forth.*

Bevan Decl., Ex. B at ¶ 4 (emphasis added).

The affidavit for the Duckart complaint, in turn, was then referenced and incorporated by reference in the complaint affidavit against the "runners" in Duckart's gambling operation. Opp'n at 2:25-28. Similarly, the affidavit for the Duckart complaint should have been referenced and incorporated by reference in the affidavit against the "agents" in Duckart's gambling operation. However, the omission occurred when the affidavit for the Duckart complaint affidavit was merely referenced rather than incorporated by reference. *Id.* at 13:17-23. Although Special Agent Quigley was the affiant on all of the affidavits, she drafted them with Assistant United States Attorney George Bevan, who first typed them on the computer, and then both proofed the final draft. Bevan Decl. at 3:20-22.

Defendant argues that the omission was reckless on the part of Special Agent Quigley, who signed the affidavit and had an obligation independent of government counsel to ensure that the affidavit was accurate and complete. Reply at 3:1-9. Defendant concedes that the error was not intentional, however, Defendant conclusorily states, "[a] drafting error left uncorrected can amount to a reckless act." *Id.* at 2:25-3:3. Defendant provides no legal authority or further argument to demonstrate either the recklessness of the act or the standard of recklessness within the context of a request for a *Franks* hearing.

Defendant therefore failed to make a substantial showing of recklessness on the part of Special Agent Quigley. Because Defendant has not made the requisite substantial showing of recklessness, he is not entitled to an evidentiary hearing.

3

### 2. Substantial Showing That Probable Cause Determination Would Have Been Any Different With Inclusion of Omitted Information

Defendant argues that if the omitted information was added to the affidavit, the affidavit would no longer be capable of sustaining a finding of probable cause. Mot. at 10:2-5. First, Defendant argues that including Duckart's criminal history would render Duckart an unreliable informant and that therefore, his statements to authorities should be disregarded in a determination of probable cause. Mot. at 9:22-10:1. Second, Defendant argues that even without disregarding Duckart's statements, the affidavit could not support a finding of probable cause because there was no meaningful corroboration of Duckart's statements. Mot. at 9:22-10:5; 16:13-16.

The government contends that including the omitted information in the affidavit would not have affected Magistrate Zimmerman's finding of probable cause. Opp'n at 14:16-18. The best evidence of this, the government argues, is that when the information about Duckart's criminal history was properly included in the affidavit against the "runners," probable cause was found. *Id*. at 14:16-20. Further, the government argues that including the omitted information about Duckart would have actually bolstered the probable cause showing because it demonstrated that Duckart had previously provided cooperation to law enforcement that led to the conviction of multiple persons. *Id*. at 15:2-11.

The fact that Duckart had previously given accurate information that led to the convictions of multiple persons rendered him an even more credible informant. Moreover, the fact that the affidavit against the "runners" included the information omitted here and the Magistrate issued the warrant anyway demonstrates that he omitted information would not have affected the Magistrate's determination of probable cause. Defendant has made no showing that the probable cause determination would have been any different with the inclusion of the omitted information. The defendant must show that the "affidavit...supplemented by the omissions would not be sufficient to support a finding of probable cause." *Stanert*, 762 F.2d at 780-81. Because Defendant has not met this burden, he is not entitled to a *Franks* evidentiary hearing.

4

**B.    Motion to Suppress Evidence**

The Fourth Amendment of the United States requires probable cause for a search warrant to be valid. *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985), *amended by* 769 F.2d 1410 (9th Cir. 1985). In determining whether an informer's tip provides probable cause sufficient to warrant an arrest, a court must engage in a totality of the circumstances analysis. *Id*. at 230, 238; *Stanert*, 762 F.2d at 778.  Among the relevant factors to be considered are the reliability, veracity, and the basis of knowledge of the informant.  *See Gates*, 462 U.S. at 238.

Under a totality of the circumstances analysis, the facts as set out by the government make a compelling showing of probable cause. Both Duckart and the cooperating runner spoke of an agent involved in Duckart's business named "Hoosh"(short for "Houshang "). Opp'n at 17:25-18:7.  The fact that the runner picked up money from "Hoosh" in Berkeley is not inconsistent with Defendant residing at the Richmond address provided by Duckart. *Id*.  The Magistrate's inference that Defendant was an agent in Duckart's business was proper.  Including the corroborating documents seized at Duckart's residence and on his website, as well as the surveillance of automobiles at the Richmond address, there was substantial corroboration of Duckart's information.

Given the totality of the circumstances, including Duckart's statements and the numerous pieces of corroborating evidence, a clear showing of probable cause exists, and suppression of evidence is not an appropriate remedy.

**C.    Motion for Return of Property**

Defendant offers no argument in support of his motion for return of property.  Further, he has moved under the incorrect rule, Federal Rule of Criminal Procedure 41(e). Rule 41 was reorganized in 2002 such that motions for return of property are now governed by Rule 41(g).  The motion for return of property is denied.

## CONCLUSION

Defendant has failed to make a substantial showing that the omission was reckless and that the probable cause determination would have been any different had the omitted information been

included.  The search warrant was supported by sufficient probable cause, and suppression of evidence is not appropriate under these circumstances.

Accordingly, the Motion to Suppress Evidence and the Motion for Return of Property is DENIED.

IT IS SO ORDERED.

Dated: 7/31/07

SAUNDRA BROWN ARMSTRONG
United States District Judge