IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. CR 06-00555 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 99] |
| HOUSHANG POURMOHAMAD, | |
| Defendant. | |

Currently before the Court is defendant Houshang Pourmohamad's Motion to Dismiss for Violation of the Speedy Trial Act [Docket No. 99]. For the reasons that follow, the Court hereby DENIES the Motion to Dismiss.

**BACKGROUND**

On July 25, 2006, defendant Houshang Pourmohamad was charged along with seven co-defendants on gambling offenses for their roles as agents in a gambling ring. *See United States v. Jenaro R. Mejias, et al*, 4-06-70465 WDB. All seven co-defendants have pled guilty to felony gambling offenses. Pourmohamad is the lone defendant that has not pled guilty. Pourmohamad was indicted on August 10, 2006. Docket No. 30.

On September 26, 2007, the United States filed a motion to sever Pourmohamad for trial from the two fugitive defendants who remained in the case at the time, and for the calendering of a pretrial conference and trial dates. *See* Docket No. 86. The government noticed the motions for November 6, 2007. On November 5, 2007 this Court granted the unopposed motion to sever. *See* Docket No. 88. On November 6, 2007, in a separate order, the court scheduled a status conference for November 27, 2007

to address the government's motion to set trial dates. *See* Docket No. 87.

Pourmohamad now moves to dismiss the indictment with prejudice, claiming a violation of the Speedy Trial Act. Specifically, he contends that the seventy-day clock was exceeded by eight days due to two periods of non-excludable time, including a twenty-two day period between November 5 and November 27, 2007.

## **LEGAL STANDARD**

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, generally requires a defendant's criminal trial to commence within seventy days of the filing of an indictment or information, or of the defendant's initial appearance before a judicial officer, whichever is later. *See* 18 U.S.C. § 3161(c)(1).

The Act sets forth several types of "excludable delays," which do not count toward the seventy day limit. *See* 18 U.S.C. § 3161(h); *see also United States v. Clymer*, 25 F.3d 824, 827 (9th Cir. 1994). These exclusions cover periods of delay arising from common events in criminal prosecutions, such as pretrial motions. *See* 18 U.S.C. § 3161(h)(l)(F). Section 3161(h)(l)(F) excludes all delays attributable to pre-trial motions that require a hearing regardless whether the hearings are "reasonably necessary." *Henderson v. United States*, 476 U.S. 321, 329-330 (1986). So long as an identifiable motion is pending, time is tolled for purposes of the Speedy Trial Act. *United States v. Hardeman*, 206 F.3d 1320 (9th Cir. 2000), *opinion amended and superseded on denial of rehearing by United States v. Hardenran*, 249 F.3d 826 (9th Cir. 2000); *United States v. Lewis*, 349 F.3d 1116, 1120 (9th Cir. 2003) (time from filing of motion through conclusion of hearing excluded).

## **ANALYSIS**

The government argues that Pourmohamad 's motion should be denied because during the twenty-two day period between November 5 and November 27, 2007, the government's motion to set a pre-trial date and trial date was pending, providing a basis upon which to exclude time. On September 26, 2007, the government filed a pleading that incorporated two motions, a motion to sever and a motion to set a trial date and a pretrial date. On November 5, 2007, this Court granted the severance motion.

Docket No. 88. On November 6, 2007, in a separate order, the Court scheduled a hearing date of November 27, 2007 to hear government's motion to set pretrial and trial dates. Docket No. 87. Pourmohamad contends because the severance motion was ruled upon on November 5, 2007, the time between the date of the order, November 5, 2007, and the next court appearance of November 27, 2007 should not be excluded from the speedy trial clock.

This contention is without merit. The government's motion to set pretrial and trial dates remained undecided from November 5, 2007 to November 27, 2007, and therefore the time during that period was tolled. The Court did not rule on the government's motion to set trial dates on November 5, 2007, but instead set a hearing for November 27, 2007 to set such dates or to make another decision on the motion, depending upon the status of the case and any other information the Court might take into account. *See* Docket No. 87. Pourmohamad attempts to obfuscate this fact by referring to the government's motion as a "motion for calendaring," and then, apparently suggesting that the Court ruled on this "motion for calendaring," states: "[a]s to the latter subject, the Court stated: 'a status conference is set in this matter for November 27, 2007 at 9:00 a.m. for trial setting.'" Docket No. 99 at 9. However, the government's motion did not seek a *hearing* to set pretrial trial dates, it sought to actually set those dates. The pretrial and trial dates were not set, and therefore the motion remained pending until November 27, 2007.

As noted above, section 3161(h)(l)(F) excludes all delays attributable to pre-trial motions that require a hearing. *Henderson*, 475 U.S. at 329-330. So long as an identifiable motion is pending, time is tolled for purposes of the Speedy Trial Act. *Hardeman*, 206 F.3d 1320. Given the pendency of the motion to set dates, time was tolled between November 5, 2007 and November 27, 2007. 18 U.S.C. § 3161(h)(l)(F). With the tolling of this time, only fifty-six days have elapsed on the speedy trial clock, leaving fourteen days remaining. Accordingly, the Motion to Dismiss is denied.

3

## **CONCLUSION**

Pourmohamad's Motion to Dismiss for Violation of the Speedy Trial Act [Docket No. 99] is DENIED.

IT IS SO ORDERED.

Dated: 3/11/08

SAUNDRA BROWN ARMSTRONG
United States District Judge